UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDER WARDLAW, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3526 |
| | § | |
| VOLUME MILLWORK INC., | § | |
| and BILL E. SHIVER | § | |
| | § | |
|    Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Alexander Wardlaw's Motion for Entry of Judgment (Dkt. #70), Defendant's Motion to Approve Form of And to Enter Judgment (Dkt. #71), and Plaintiff's Motion for Leave to File Supplemental Brief in Response to Defendants' Motion to Approve Form of and to Enter Judgment (Dkt. #74). The Court, having considered the motions, the responses, and the applicable law, is of the opinion that Plaintiff Alexander Wardlaw's Motion for Entry of Judgment should be GRANTED in part and DENIED in part, Defendant's Motion to Approve Form of And to Enter Judgment should be DENIED, and Plaintiff's Motion for Leave to File Supplemental Brief in Response to Defendants' Motion to Approve Form of and to Enter Judgment should be GRANTED.

**Factual and Procedural Background**

Plaintiff Alexander Wardlaw ("Wardlaw") filed this lawsuit against Defendants Volume Millwork Inc. ("Millwork") and Bill E. Shiver ("Shiver") (collectively "Defendants") on September 8, 2004, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime. In their First Amended Answer and Counterclaim, Defendants denied that Wardlaw was entitled to overtime pay and further asserted that Wardlaw was liable to Defendants for

unauthorized charges on the Millwork company credit card for items and services unrelated to his employment. *See* Dkt. #19. Additionally, Defendants in the Pretrial Order indicated that they "have asserted an offset for any amount that Plaintiff may be awarded because of Plaintiff's clearly unauthorized use of the company credit card . . . ." *See* Dkt. #31, ¶ 2.

The Court called the case to trial before a jury on October 26, 2005. On October 28, 2005, the jury returned a verdict indicating that Defendants had failed to pay Wardlaw $5,624.00 in overtime compensation, but also that Wardlaw owed Defendants $5,632.00 for credit card misuse. In the motions currently before the Court, the parties have moved for the entry of a final judgment.

### Discussion

In his motion, Wardlaw requests that the Court dismiss Defendants' counterclaim for offset for failure to plead a cause of action, award Wardlaw attorneys' fees in the amount of $57,057.50 and costs in the amount of $4,209.54, and award Wardlaw $5,624.00 for unpaid overtime wages, as well as an equal amount as liquidated damages. As an alternative to the Court dismissing Defendants' claim for an offset, Plaintiff requests that the Court apply the offset amount after awarding Plaintiff the liquidated damages requested. In their motion and response, Defendants contend that the offset is not only proper, but also that it should be applied before any award of liquidated damages. Because this would result in net award of zero to Plaintiff, Defendants argue that Plaintiff is not the prevailing party, and therefore, should not be entitled to attorneys' fees or costs.

### I.     Defendants Offset

Wardlaw complains that the jury finding against him should be dismissed because "[s]imply stating that Wardlaw made unauthorized charges does not constitute a cause of action." According

2

to Wardlaw, "what Defendants term a 'counterclaim' fails to meet the elements of any cause of action into which Defendants may attempt to mold it." Finally, Wardlaw argues that, even if this Court were to view Defendants' counterclaim as a common law claim for a setoff, the counterclaim should be dismissed because setoff counterclaims are generally disfavored in FLSA actions. The Court disagrees, and concludes that Defendants counterclaim for setoff was sufficiently pleaded and proper under the circumstances of this case.

The Court notes that the terms "offset" and "setoff" are often used interchangeably and considered to have the same meaning. *See Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995). The terms represent a form of equitable counterclaim which brings together obligations of parties opposing each other and, by judicial action, makes each obligation extinguish the other. *See Capital Concepts Properties 85-1 v. Mutual First, Inc.*, 35 F.3d 170, 175 (5th Cir. 1994) (citing 67 TEX. JUR. 3D *Setoffs, Counterclaims, and Cross Actions* § 3 (1989)). The object of equitable setoff is "to adjust the demands between the parties and allow a recovery of only the balance that is due." *Id.* (citing *Anderson v. Vinson Exploration, Inc.*, 832 S.W.2d 657, 666 (Tex. App.—El Paso 1992, writ denied)). In the case at bar, Wardlaw was placed on clear notice that Defendants sought to reduce any balance they might owe under the FLSA by the amount owed by Wardlaw for his unauthorized credit card use. Evidence and testimony from both Wardlaw and Defendants relating to Wardlaw's credit card misuse were presented to the jury, which unanimously agreed that Wardlaw owed a balanced to Defendants of $5,632.00. Given the purpose and equitable nature of the setoff counterclaim, the Court will not adopt the overly formalistic approach advanced by Wardlaw that would require Defendants to cast Wardlaw's credit card misuse as a separate cause of action apart from a setoff.

3

As for Wardlaw's argument that the setoff claim should be dismissed because such counterclaims are generally disfavored, the Court notes that the Fifth Circuit has recently explained that offsets against FLSA damage awards are only inappropriate when the offset deduction causes the final award to drop below the statutory minimum wage. *See Singer v. City of Waco, Tex.*, 324 F.3d 813, 828 n.9 (5th Cir. 2003). Here, it is clear that applying the offset would not cause Wardlaw's wages to fall below the minimum wage. Accordingly, the jury's verdict on this issue must stand.

## II.     Liquidated Damages

Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). At one time, this liquidated damages assessment was mandatory. *See Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998). However, a district court can now decline to award such damages (or reduce the amount) if the court concludes that the employer acted in "good faith" and had "reasonable grounds" to believe that its actions complied with the FLSA. 29 U.S.C. § 260. The Fifth Circuit has explained that an employer "faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA." *Bernard*, 154 F.3d at 267 (quoting *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990)). Here, Defendants have not met that burden. Although the Court is satisfied that Shiver genuinely believed paying Wardlaw as a salaried employee exempted Wardlaw from any overtime compensation, the Court cannot conclude that such a belief was reasonable. Shiver testified that his belief regarding Wardlaw's overtime exemption was based on his own past experiences as an employee. In this Court's opinion, however, Millwork was a sufficiently large company that

Defendants had an obligation to be informed about the overtime requirements imposed by the FLSA. While the jury found that Defendants' FLSA violation was not willful, the Court is unwilling to declare that an employer's reliance on the personal beliefs and anecdotal experiences of its decision makers is reasonable as a substitute for knowledge of the governing federal statute.

Having determined that Defendants did not satisfy their "substantial burden" of demonstrating a reasonable belief that its actions did not violate the FLSA, the Court must decide whether to assess liquidated damages before applying the offset. Defendants submit that the offset should be applied before assessing liquidated damages, which would render the issue of liquidated damages moot because the jury found that the offset amount exceeded the amount of unpaid overtime compensation. Wardlaw disagrees and maintains that the offset amount should only be deducted after the Court awards liquidated damages. While not expressly adopting Wardlaw's approach, the Fifth Circuit has held recently that a district court's assessment of liquidated damages before applying the offset was proper. *See Singer*, 324 F.3d at 823 n.2. In the absence of any Fifth Circuit precedent to the contrary, this Court concludes that application of the offset after the assessment of liquidated damages is the appropriate course.

### III.    Attorneys' Fees and Costs

Finally, Wardlaw requests that the Court award him $57,057.50 as reasonable attorneys' fees and $4,209.54 as costs. Indeed, 29 U.S.C. § 216(b) provides that in addition to any judgment awarded to the plaintiff in a FLSA case, the court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Therefore, the Court will award Wardlaw reasonable attorneys' fees and costs in the final judgment. However, the issue of whether Wardlaw was a prevailing party in this case has been disputed by Defendants and not finally resolved until this

Memorandum and Order. As a result, the Court finds that the specific amounts of attorneys' fees and costs are more appropriate for a post-judgment application to be submitted by Wardlaw. After such application from Wardlaw and an opportunity for Defendants to respond, the Court will determine the appropriate amounts.

## Conclusion

For the foregoing reasons, Plaintiff Alexander Wardlaw's Motion for Entry of Judgment is GRANTED in part and DENIED in part, Defendant's Motion to Approve Form of And to Enter Judgment is DENIED, and Plaintiff's Motion for Leave to File Supplemental Brief in Response to Defendants' Motion to Approve Form of and to Enter Judgment is GRANTED. Wardlaw shall file his application for attorneys' fees and costs within ten (10) days from the date of the final judgment in this case. Defendants' response, if any, to any application made by Wardlaw shall be due within ten (10) days from the date Wardlaw's application is entered in the record of this case.

It is so ORDERED.

Signed this 7th day of December, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE