UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDER WARDLAW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3526 |
| | § | |
| VOLUME MILLWORK INC., | § | |
| and BILL E. SHIVER | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Alexander Wardlaw's Application for Attorneys' Fees and Costs (Dkt. #79). The Court, having considered the application, the response, and the applicable law, is of the opinion that Plaintiff Alexander Wardlaw's Application for Attorneys' Fees and Costs should be GRANTED in part and DENIED in part.

**Factual and Procedural Background**

Plaintiff Alexander Wardlaw ("Wardlaw") filed this lawsuit against Defendants Volume Millwork Inc. ("Millwork") and Bill E. Shiver ("Shiver") (collectively "Defendants") on September 8, 2004, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime. In their First Amended Answer and Counterclaim, Defendants denied that Wardlaw was entitled to overtime pay and further asserted that Wardlaw was liable to Defendants for unauthorized charges on the Millwork company credit card for items and services unrelated to his employment. *See* Dkt. #19. Additionally, Defendants in the Pretrial Order indicated that they had "asserted an offset for any amount that Plaintiff may be awarded because of Plaintiff's clearly unauthorized use of the company credit card . . . ." *See* Dkt. #31, ¶ 2.

The Court called the case to trial before a jury on October 26, 2005. On October 28, 2005, the jury returned a verdict indicating that Defendants had failed to pay Wardlaw $5,624.00 in

overtime compensation, but also that Wardlaw owed Defendants $5,632.00 for credit card misuse. Following the trial, both parties briefed the issue of liquidated damages in light of the jury's verdict that initially resulted in a net award of zero for Wardlaw. After concluding that the assessment of liquidated damages was appropriate before applying any offset, this Court ultimately entered a final judgment in favor of Wardlaw in "the amount of $5,616.00, plus postjudgment interest of 4.34 percent per annum until paid." *See* Dkt. #77. The Court further ordered that Wardlaw could recover reasonable attorneys' fees and all appropriate costs in bringing this lawsuit, the amount of which would be determined after a postjudgment application by Wardlaw.

## Discussion

Wardlaw seeks to recovery reasonable attorneys' fees as well as costs. The Court will consider each request individually.

**I.     Attorneys' Fees**

The "lodestar" method is used to determine attorneys' fees in FLSA cases. *See Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003). The lodestar is "calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Id*. (quoting *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir.1999)). After determining this figure, a court must consider whether, based on the factors mentioned in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), it should increase or decrease the lodestar. *Id*. The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11)

the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Heidtman*, 171 F.3d at 1043 n. 5 (citing *Johnson*, 488 F.2d at 717-19).

As noted above, calculating the lodestar requires a multiplication of the number of hours "reasonably expended" by an appropriate hourly rate. The rates charged in this case by Wardlaw's attorneys are $250.00 and $150.00 per hour by Martin A. Shellist and Daryl J. Sinkule, respectively. These hourly rates are supported only by the affidavits of the two attorneys, who testify that the amounts billed represent reasonable hourly rates. Although Defendants have objected to the self-serving affidavits provided by Wardlaw's attorneys in support of the requested fees, the Court is satisfied that the rates are appropriate and consistent with the prevailing rates in the community for attorneys of similar experience in similar cases. Accordingly, the court finds that the $250.00 and $150.00 hourly rates for Shellist and Sinkule, respectively, should be applied in determining the lodestar.

As to the number of hours reasonably expended, Wardlaw's attorneys submit that they have collectively spent 335.15 (108.65 by Shellist; 226.5 by Sinkule) hours engaging in the handling of this case, 286.35 of which were spent through trial with 48.8 hours post-trial. Defendant disputes the number of hours submitted by Wardlaw's counsel.[1] First, Defendants submit that Wardlaw has failed to provide adequate documentation of certain time. In particular, Defendants argue that all entries by Wardlaw's counsel for internal conferences "re: matter" should be disallowed because the description is so vague that it cannot be evaluated for reasonableness. The Court agrees, and finds that the hours submitted shall be adjusted downward by 9.5 hours, 4.3 hours by Shellist and 5.2 hours by Sinkule. Second, Defendants complain that the time submitted by Wardlaw's attorneys reflect an excessive amount of time spent on discovery. Specifically, Defendants point to the fact

---

[1] Although Defendants object to the submitted time on several grounds, the Court will address only those which justify a reduction.

that Wardlaw's attorneys submitted hours for preparing for and reviewing depositions that far exceeded the total amount of time actually spent in the depositions themselves. The Court agrees, and finds that the time shall be adjusted downward by 6.5 hours, all by Sinkule.

Assessing the number of hours reasonably expended also requires the Court to consider that Wardlaw, in addition to pursuing his FLSA claim, also defended against a claim for offset in this case. Indeed, the amount awarded by the jury for the offset claim actually exceeded the amount by $8 that the jury determined Defendants owed to Wardlaw for his claim. Given the foregoing circumstances, the Court concludes that any time spent by Wardlaw's attorneys in preparing to defend this offset claim, actually defending the claim during trial, and contesting the claim post-trial cannot constitute hours reasonably expended in bringing Wardlaw's FLSA claim. The billing entries submitted by Wardlaw's attorneys, however, do not differentiate between time spent in pursuing Wardlaw's claim and that spent defending his improper credit card use. Therefore, the Court must estimate the appropriate amount of time in light of the Court's experience and its perception of the trial and the evidence presented, as well as the facts discussed above. The offset claim: (1) was the subject of Defendants' Motion for Leave to Amend Defendants' Answer, which Wardlaw unsuccessfully opposed at the cost of over $1,500.00; (2) comprised a significant portion of the testimony during the trial; (3) resulted in a jury determination that Wardlaw owed $5,632.00 to Defendants for improper credit card use; and (4) was a significant issue in the post-trial briefing. Moreover, the Court must account for time spent in discovery as well as the time spent in preparing to defend against the offset claim. After considering the circumstances above, the Court finds that the amount of time shall be adjusted downward by a total of 65 hours, 27.5 hours by Shellist and 37.5 hours by Sinkule.

After the adjustments, the Court determines that the reasonable time expended by Wardlaw's

4

attorneys in pursuing this claim totals 254.15 hours, 76.85 hours by Shellist and 177.3 hours by Sinkule. Applying the applicable hourly rates, the lodestar in this case is $45,807.50.

Next, the *Johnson* factors must be considered to determine whether the lodestar should be increased or decreased. The lodestar may not be adjusted due to a *Johnson* factor if the creation of the lodestar award already took that factor into account. *Heidtman*, 171 F.3d at 1043. Such reconsideration is impermissible double-counting. *Id*. The Court applies the *Johnson* factors to the lodestar amount as follows: (1) the time and labor required have already been considered; (2) the legal issues were neither novel nor especially difficult; (3) the skill required to perform the legal services properly has already been considered; (4) although Wardlaw's counsel suggests otherwise, the Court finds that they were not precluded from handling other employment;[2] (5) the customary fee has already been considered; (6) although the fee is presumably contingent, this factor does not impact the lodestar; (7) there were no particular time limitations imposed by the client or circumstances; (8) the amount involved was not extraordinary and the results obtained were far lower than that requested of the jury and offered by Wardlaw in pretrial settlement attempts;[3] (9) the experience, reputation and ability of the attorneys have already been considered; (10) the case was not undesirable; (11) the nature and length of the professional relationship with the client is not a factor; and (12) the awards in similar cases are not relevant because the lodestar amount here depends on the actual hours worked and hourly rate of pay. In light of the fact that very little transpired in this case for significant periods of time and that Wardlaw ultimately experienced very

---

[2]The Court notes that the time sheets submitted by Wardlaw's counsel reflect significant stretches of time during the sixteen-month pendency of this lawsuit where apparently no work was performed in furtherance of Wardlaw's claims.

[3]In order to avoid double-counting the results obtained, the Court does not consider again the fact that Wardlaw initially faced a zero net amount recovery due to the unsuccessful defense of the offset claim. Here, the Court only considers Wardlaw's lack of success in persuading the jury that he was owed between $35,000 and $40,000 in unpaid overtime. Indeed, Wardlaw's settlement offers reflect similar expectations about his potential recovery. *See* Dkt. #83.

limited success in his FLSA claim, the Court finds that a further 30% downward adjustment to the lodestar is justified under the factors outlined above. Thus, Wardlaw is awarded $32,065.25 as reasonable attorneys' fees.

## II.   Costs

Finally, Wardlaw seeks to recover costs in the amount of $7,332.72. Unless a court otherwise directs, costs are awarded to a prevailing party as a matter of course pursuant to Federal Rule of Civil Procedure 54(d). The express provisions of 28 U.S.C. § 1920, however, limit a court's discretion in taxing costs against the unsuccessful party. The court may decline to award certain costs, but may not tax expenses that are not listed in § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987); *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). The statute enumerates the following recoverable costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 ⋯;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 . . . .

28 U.S.C. § 1920.

Of the amount requested by Wardlaw, $3,607.52 is for Westlaw research, $126.18 is for delivery services/messengers, and $190.71 is for reimbursement for Wardlaw's attorneys for parking expenses and PACER charges. These amounts will be disallowed in their entirety because they are not expressly permitted under 28 U.S.C. § 1920. *See Lewis v. Hurst Orthodontics, P.A.*, 292 F. Supp. 2d 908, 913-14, 914 n.11 (W.D. Tex. 2003) (disallowing costs for Lexis online research, parking expenses, and delivery charges); *Embotelladora Agral Regiomontana v. Sharp Capital, Inc.*, 952 F. Supp. 415, 418-19 (N.D. Tex.1997) (disallowing costs for computer assisted research,

6

delivery charges, and parking). Furthermore, the Court notes that Wardlaw seeks $431.00 as copying costs for 3,855 copies. Although copying costs have been recognized as an allowable expense by other courts, this Court finds that almost 4,000 copies is not justified by the facts of this case, nor by the manner in which the case was presented. Thus, this amount will be reduced by $231.00. Accordingly, Wardlaw shall recover as reasonable costs a total of $3,177.31.

## Conclusion

For the foregoing reasons, Plaintiff Alexander Wardlaw's Application for Attorneys' Fees and Costs should be GRANTED in part and DENIED in part. It is therefore ORDERED that Wardlaw shall recover $32,065.25 as reasonable attorneys' fees, as well as an additional $3,177.31 in costs.

It is so ORDERED.

Signed this 2nd day of February, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE